## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| **KIMBERLY TAYLOR,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 1:11-0172** |
| ) | |
| **MYRON BATTS, Warden,** ) | |
| Respondent. ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's "Motion to Amend Under 28 U.S.C. § 2241."[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's "Motion to Amend Under 28 U.S.C. § 2241," the undersigned finds, and hereby respectfully recommends, that Petitioner's Motion should be denied.

### FACTS AND PROCEDURE

On March 15, 2011, Petitioner, acting *pro se* and incarcerated at FPC Alderson, filed her instant "Motion to Amend Under 28 U.S.C. § 2241." (Document No. 1.) In her Motion, Petitioner requests that this Court modify her "Judgment and Commitment Order" concerning her required participation in the Inmate Financial Responsibility Program [IFRP]. Specifically, Petitioner states as follows:

> Comes now, the defendant, pro se, and requests upon this honorable court to amend page six of the defendant's Judgment and Commitment Order to indicate that defendant's participation in the Inmate Financial Responsibility Program (IFRP) is NOT required while incarcerated at the Alderson Federal Prison Camp in accordance

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> with United States v. Munoz (7th Circuit, July 9, 2010). If the court still requires the defendant's participation, the defendant requests a set payment of no more than $25.00 per quarter to be paid from her prison industry job. The defendant earns less than $18.00 per month and there is no hope for an increase or a better paying position since the UNICOR call center closed at this facility.

(Id., p. 1.) Petitioner, therefore, requests that this Court grant her relief.[2] (Id.)

## ANALYSIS

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden). 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over her and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. The focus of Section

---

[2] The undersigned further notes that Petitioner fails to indicate whether she properly exhausted her administrative remedies.

2241 is upon a prisoner's custodial status, not upon the validity of her conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255.

Before considering Petitioner's "Motion to Amend Under 28 U.S.C. § 2241" on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of her detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges her *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000) (outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added)."); also see Brown v. Rivera, 2009 WL 960212, * 3 (D.S.C. April 7, 2009). In the instant case, Petitioner alleges that the sentencing court improperly mandated her participation in IFRP in violation of United States v. Boyd, 608 F.3d 331 (7th Cir. 2010) and United States v. Munoz, 610 F.3d 989, 997 (7th Cir. 2010).[3] Thus, Petitioner's challenge to the validity of

---

[3] The Court notes that decisions by the Seventh Circuit are non-binding upon this Court. Based upon a review of Petitioner's Motion, it is unclear whether Petitioner was sentenced by a Court

her *sentence* does not meet the requirements of the saving clause.

In view of the above authority, the undersigned finds that the remedy under Section 2255 is not inadequate or ineffective with respect to Petitioner's claim that she was incorrectly sentenced, and Petitioner is not entitled to *habeas* relief under Section 2241. Rather, Petitioner's recourse is to file a Section 2255 Motion in the sentencing court. Petitioner's Application Under 28 U.S.C. § 2241 (Document No. 1.) should therefore be denied.[4]

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that

---

within the Seventh Circuit.

[4] To the extent Petitioner is arguing that the BOP improperly required her participation in IFRP, the undersigned finds her claim to be without merit. The "BOP has the discretion to place an inmate in the IFRP when the sentencing court has ordered immediate payment of the court-imposed fine." *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002); *also see Coleman v. Brooks*, 133 Fed.Appx. 51 (4th Cir. 2005)(*citing, Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). The purpose of the IFRP is to "encourage each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. "The provisions of this rule apply to all inmates in federal facilities, except: Study and observation cases, pretrial detainees, and inmates in holdover status pending designation." *Id.* Section 545.11 provides that "[w]hen an inmate has a financial obligation, unit staff shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. An "inmate is responsible for making satisfactory progress in meeting his/her financial responsibility plan and for providing documentation of these payments to staff." 28 C.F.R. § 545.11(b). An inmate's process in IFRP "will be reviewed each time staff assess an inmate's demonstrated level of responsible behavior." 28 C.F.R. § 545.11(c). "Refusal by an inmate to participate in the financial responsibility or to comply with the provisions of her financial plan" can result in negative consequences to the inmate. 28 C.F.R. 545.11(d). The Second Circuit has recognized that the "IFRP program serves a valid penological interest and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." *Johnpoll v. Thornburgh*, 898 F.2d 849, 851 (2nd Cir. 1990). Furthermore, compelled participation in IFRP is neither punitive in nature nor a violation of due process because it is reasonably related to a legitimate governmental objective of rehabilitation. *Id.*; *also see Cupp v. Reed*, 2009 WL 277554 (N.D.W.Va. Feb. 5, 2009)(finding that plaintiff failed to state a claim because "it is well-established that the BOP's inmate financial responsibility program is constitutional and that the negative consequences of not participating in the program are neither punitive nor do they violate the constitution").

the District Court **DISMISS** Petitioner's "Motion to Amend Under 28 U.S.C. § 2241" (Document No. 1.) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 24, 2012.

R. Clarke VanDervort
United States Magistrate Judge